IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No.: RWT 09cr00213 |
| | * | |
| **ISAAC JEROME SMITH** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

On October 19, 2010, Defendant Isaac Jerome Smith filed an *ex parte* motion for the issuance of subpoenas *duces tecum* pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure. ECF No. 151. Defendant Smith requested a total of eighteen subpoenas be issued commanding various third-parties, including banks, credit unions, and federal and state governmental agencies, to provide certified copies of a host of different types of records concerning Defendant Smith. See Id. Counsel for Defendant Smith further requested that the Court order any records produced with these subpoenas *duces tecum* to be complete, certified, and delivered to their offices, Lawlor & Englert, LLC, in lieu of the Court as is standard procedure pursuant to Fed. R. Crim. P. 17(c). Id. In addition, counsel for Mr. Smith requested that the Court order the entities from whom records are being sought to not disclose the fact of Defendant Smith's Motion and the Court's Order, as well as the fact that certain records have been produced to defense counsel pursuant thereto to the United States Attorney's Office or any Federal or State law enforcement agency without further order of the Court. Id.

A motion for issuance of a subpoena pursuant to Rule 17(c) is properly brought *ex parte* only "[i]n those rare situations where mere disclosure of the application for a pretrial subpoena

would (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant." United States v. Beckford, 964 F. Supp. 1010, 1030 (E.D. Va. 1997). If the Court determines that the *ex parte* nature of the motion is unwarranted, it must unseal the motion. Id. at 1031.

Defendant Smith asserts that the "Motion is made *ex parte* because the information being sought is essential for exploring various defenses which might be available . . . ," and "[w]ithout such secrecy, counsel for Mr. Smith will be required to delay obtaining and investigating potentially useful information until the trial or to disclose defense strategy to the Government." ECF No. 151. The Court has considered Defendant Smith's motion, and has concluded that the disclosure of the motion will not divulge trial strategy, witness lists or attorney work-product, will not imperil subpoenaed evidence, and will not undermine McCoy's fundamental privacy or constitutional interests. The Court shall therefore order that the motion be unsealed.

The Court may issue a pretrial subpoena under Rule 17(c) if the defendant satisfies the burden of proof as to relevance, admissibility, and specificity set forth in United States v. Nixon, 418 U.S. 683 (1974). To do that, the party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

Id. "If a satisfactory showing is made, the court, at its discretion may issue the subpoena, require pretrial production, and permit pretrial inspection by one or more of the parties." Beckford, 964 F. Supp at 1031.

The Court has considered Defendant Smith's motion, and has concluded that Defendant has not satisfied his burden under Nixon to show that the application was not intended as a general fishing expedition. Defendant Smith states in his motion that the production is being sought for the purpose of "exploring various defenses which might be available to defendant Isaac Smith . . ." and to "investigat[e] potentially useful information." See ECF No. 151. Defendant Smith fails to allege with even a minimal degree of specificity the "potentially useful" information he hopes to find or the "various defenses" he hopes to explore should the Court issue the requested subpoenas. Accordingly, Defendant Smith's *ex parte* motion for pretrial subpoenas under Rule 17(c) is denied.

A separate order follows.


October 28, 2010                      /s/
Date                                         Roger W. Titus
                                                United States District Judge